IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| SHEDRED SIMMONS, JR. | § |
| | § |
| v. | §   CIVIL ACTION NO. G-03-031 |
| | § |
| DOUG DRETKE, DIRECTOR | § |
| OF TDCJ-CID | § |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Shedred Simmons, Jr., an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. Simmons is attacking a judgment and sentence from the 23rd District Court of Brazoria County, Texas. Petitioner pled not guilty to the charge of felony burglary of a habitation and was subsequently found guilty by a jury. On October 17, 2001, he waived his right to appeal his conviction as part of a punishment plea bargain and was sentenced to three years imprisonment in the TDCJ-CID. Despite the plea agreement, Petitioner appealed his conviction, and the appellate court dismissed it for lack of jurisdiction on May 2, 2002. He did not file a Petition for Discretionary Review ("PDR").

On July 15, 2002, Petitioner filed a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. It was denied without written order on September 11, 2002. He filed a second state writ on October 24, 2002. Petitioner claimed he was entitled to file the second writ because he was unable to fully complete the form on which

he filed his initial one. The Court of Criminal Appeals did not deem the second writ to be successive. However, on December 18, 2002, this writ was also denied without written order based on the findings of the trial court. The instant writ was timely filed in federal court on January 10, 2003.

Respondent has filed an Answer seeking dismissal of the Petition, and Petitioner has failed to file any Response. After considering the State's Answer and the state court records, the Court submits its Report and Recommendation to the District Court.

## **Discussion**

Petitioner alleges four grounds for habeas relief:

    (1)    He was illegally arrested without a warrant;

    (2)    There was insufficient evidence that a crime was committed or that Petitioner committed it;

    (3)    The owner of the habitation did not file charges against him; and,

    (4)    His trial counsel was ineffective because he failed to advise Petitioner of his right to appeal, did not take steps to perfect an appeal, did not discuss the need to file a motion for new trial, instructed him not to testify, and picked a biased jury.

<u>No Charges Filed</u>

The AEDPA requires that a prisoner who seeks habeas relief in federal court must first exhaust all remedies available to him in state court. 28 U.S.C. § 2254. All the grounds raised in a federal writ must have been fairly presented to the state courts. *Picard v. Conner*, 404 U.S. 270, 275 (1971). In this case, Petitioner never raised in either of his state writs the claim that no charges were filed against him. The instant writ is therefore a "mixed petition" that ordinarily would be dismissed

without prejudice for the failure to exhaust administrative remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, the exhaustion requirement is satisfied if the unexhausted claim would be procedurally barred under state law. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998). Under Texas law, Petitioner could not present this unexhausted claim in a third habeas writ because it would be deemed a successive petition barred by state law. Tex. Code Crim. Proc. Article 11.07 § 4. Texas courts regularly uphold such procedural bars. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

To overcome this bar, Petitioner must demonstrate either cause and prejudice or show that a fundamental miscarriage of justice would result from the Court's failure to consider his claims. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Fearance*, 56 F.3d at 642. He has made no attempt to demonstrate either prong of this requirement.

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on this point.

Illegal Arrest

Petitioner's allegation that his arrest was illegal states a claim under the Fourth Amendment of the Constitution. *Blackwell v. Barton*, 34 F.3d 298, 302 (5th Cir. 1994). Petitioner presented this claim to the Court of Criminal Appeals in his second habeas writ. *Ex parte Simmons*, No. 53,313-02. The Supreme Court has stated that "where the State has provided for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). Petitioner bears the burden of pleading and proving that the State denied him a fair hearing. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986). Petitioner has complied with neither of these requirements and has not even alleged that the state proceedings were unfair or inadequate.

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on this point.

<u>Insufficient Evidence</u>

Petitioner next claims that there was insufficient evidence to support his conviction. It is well established that such claims must be brought in a direct appeal under Texas law and cannot be asserted in an Article 11.07 writ. *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996). Petitioner was therefore required to bring the instant issue before the Court of Criminal Appeals through a PDR in order to satisfy the AEDPA's exhaustion requirement. Petitioner did raise the issue in his direct appeal, but as the appeals court held, he had no right to file it because he waived his right to appeal as part of his plea bargain. As shown below, he has failed to demonstrate ineffective assistance of counsel. Moreover, Petitioner did not file a PDR from the dismissal of his appeal, so the claim is unexhausted. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). Since Petitioner cannot now return to state court to file a PDR under Tex. R.App.P. 68.2, his claim is procedurally barred from consideration. *Clark v. State of Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *see also Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (*rev. on other grounds*); *Chancellor v. Mississippi*, 129 Fed. Appx. 878 (5th Cir. 2005).

Petitioner must demonstrate either cause and prejudice or show that a fundamental miscarriage of justice would result from the Court's failure to consider his claim. He has failed to do so, and his allegation is not cognizable in federal court.

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on this point.

<u>Ineffective Assistance of Counsel</u>

Finally, Petitioner alleges he received ineffective assistance of counsel. Petitioner was

entitled to effective assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, a reviewing court must be highly deferential to the trial attorney's conduct and presume that assistance was reasonably effective. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). In order to show that a constitutional violation occurred, Petitioner must do more than merely allege a deficiency; he must demonstrate that his counsel's performance fell outside all bounds of prevailing, objective standards. *Strickland*, 466 U.S. at 688. In addition, he must also show that as a result of his attorney's errors, there is a reasonable probability the result of the trial was different than it would otherwise have been. *Id*. at 694.

Petitioner first claims that his attorney failed to inform him of his right to appeal, failed to perfect an appeal and did not mention the need for filing a motion for new trial. The record amply demonstrates that he voluntarily and knowingly waived the right to appeal his conviction as part of a punishment plea bargain. The trial judge admonished him about his waiver in explicit terms. After Petitioner's attorney stated in open court, and before Petitioner, that he had waived the right to appeal, the following exchange occurred:

| | |
|---|---|
| COURT: | All, right. Now, if the punishment I give you is not greater than the punishment recommended, it's almost impossible to appeal your case on this case. |
| PETITIONER: | Yes, sir. |
| COURT: | And you're waiving – you're voluntarily waiving appeal on the case we just tried; is that right? |
| PETITIONER: | Yes, sir. |
| COURT: | All right. So, you have to ask my permission on this case to appeal even in the face of the waiver. The only thing you could really probably – there may be some things you could appeal but mainly appeal on a plea bargain, it's pretty much limited to motions that have been heard by the Court prior to the plea and there may |

|             |                                                                                                                                                                 |
|-------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------|
|             | be some jurisdictional things you could appeal; but it's hard to appeal a plea bargain. Do you understand that?                                                 |
| PETITIONER: | Yes, sir.                                                                                                                                                       |
| COURT:      | Because I'm making sure that it's freely and voluntarily done at this time.                                                                                     |
| PETITIONER: | Okay.                                                                                                                                                           |
| COURT:      | All right. Now, have you had plenty of time – I know y'all just struck the plea bargain a minute ago, and it turned out to be a favorable deal for you. Have you had plenty of time to consider that? |
| PETITIONER: | Yes, sir.                                                                                                                                                       |

*Ex parte Simmons*, No. 53,313-01 at 39-41.

Petitioner bears the burden of rebutting with clear and convincing evidence a presumption that the transcript reflects his voluntary and fully informed waiver of his right to appeal. 28 U.S.C. § 2254(e)(1); *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1251 (5th Cir. 1986). He has presented no evidence at all on how his attorney's advice fell below the *Strickland* standard or in what way he was prejudiced. Indeed, the trial judge told Petitioner that had he not entered into the three-year sentencing agreement, the judge would have "hit [him] a whole lot harder" on punishment. *Ex parte Simmons*, No. 53,313-01 at 40. A mere allegation of prejudice is insufficient. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Consequently, Petitioner has failed to demonstrate that he is entitled to habeas relief on these issues.

Nor has he shown that his attorney's assistance was ineffective for allegedly instructing him not to testify on his own behalf or for picking a biased jury. Both claims are entirely conclusory. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Hearld*, 691 F.2d 796, 799 (5th Cir. 1982). In the absence of any specific showing of how these alleged facts are

constitutionally deficient, Petitioner cannot obtain habeas relief. *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992). Petitioner has failed to respond to the State's Answer and has therefore made no attempt to substantiate his conclusory allegations.

The Court **RECOMMENDS** that the Petition be **DISMISSED** on the ineffective assistance of counsel claims.

### Conclusion

For all the reasons stated above, the Court **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Shedred Simmons, Jr. (Instrument No. 1) be **DISMISSED** in its entirety.

The Clerk shall send copies of this Report and Recommendation to the Petitioner. Petitioner shall have until **August 23, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.</u> **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ____26th____ day of July, 2005.

John R. Froeschner
United States Magistrate Judge